UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEPHON WHITFIELD,<br><br>       Plaintiff,<br><br>  v.<br><br>OSCAR AVILES, *et al.*,<br><br>       Defendants. | Civ. Action No. 23-1735 (JXN)(LDW)<br><br>**OPINION** |

**NEALS**, District Judge

  Before the Court is *pro se* Plaintiff Stephon Whitfield's ("Plaintiff") civil rights Complaint ("Complaint"), filed pursuant to 42 U.S.C. § 1983 (ECF No. 1) and his application to proceed *in forma pauperis* (ECF No. 1-2). Based on his affidavit of indigence (*id.*), the Court grants him leave to proceed *in forma pauperis* and orders the Clerk of the Court to file the Complaint.

  The Court must now review the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons stated herein, the Court will dismiss the Complaint without prejudice for failure to comply with Federal Rule of Civil Procedure 8 and for failure to state a claim on which relief may be granted.

**I.  BACKGROUND**[1]

  Plaintiff is confined in Hudson County Correctional Facility ("HCCF"), in Kearney, New Jersey.[2] (*See* ECF No. 1.) Plaintiff initiated this matter on March 27, 2023, against HCCF's Acting Director Oscar Aviles and Wint ("Defendants"). (*Id.* at 1.)

---

[1] The Court construes the factual allegations of the Complaint as true for the purposes of this screening only.

[2] The Complaint fails to indicate whether Plaintiff is pretrial detainee or a convicted prisoner. (*See* ECF No. 1 at 2.)

In the Complaint, Plaintiff alleges that in late August 2022, Covid-19 positive inmates were removed from Plaintiff's "cell assignment 5-E-N." (ECF No. 1-1 at 1.) Plaintiff claims that one week later, he became sick and his "whole body felt terrible." (*Id.*) Plaintiff further alleges that he worsened daily and could not eat for days. (*Id.*) Plaintiff alleges that he complained to the medication nurse, who instructed Plaintiff to lie down and offered Tylenol. (*Id.*) Plaintiff claims that he complained to his housing officer and Sergeant Castro, and he was told that the Director understands "what is needed to effectively deal with [the inmates] . . . and do what [is] mandated." (*Id.* at 1-2.)

The Complaint fails to indicate what relief Plaintiff is seeking. (*See* ECF No. 1 at 6-7.)

## II.     STANDARD OF REVIEW

District courts must review complaints in civil actions in which a plaintiff is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), or seeks redress against a governmental employee or entity. *See* 28 U.S.C. § 1915A(a). District courts may *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which the Court may grant relief, or seeks monetary relief from a defendant who is immune from such relief. *See* §§ 1915(e)(2)(B), 1915A(b).

The legal standard for dismissing a complaint for failure to state a claim pursuant to Sections 1915(e)(2)(B) or 1915A is the same as that for dismissing a complaint pursuant to Fed. R. Civ. P. 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008). A court properly grants a motion to dismiss pursuant to Rule 12(b)(6) if, "accepting all well pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (quotations and citations omitted).

To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, while pro se pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

In addition to these pleading rules, however, a complaint must satisfy Fed. R. Civ. P. 8(a), which states that:

> (a) A pleading that states a claim for relief must contain[:] (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). "Thus, a *pro se* plaintiff's well-pleaded complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a 'short and plain' statement of a cause of action." *Johnson v. Koehler*, No. 18-00807, 2019 WL 1231679, at *3 (M.D. Pa. Mar. 15, 2019). Stated differently, Rule 8 requires a showing that the plaintiff is entitled to relief in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).

### III. DISCUSSION

The Court construes the Complaint as alleging that Defendants are liable to him under 42 U.S.C. § 1983 based on HCCF's COVID-19 policies and Defendants' failure to provide medical treatment. (*See generally* ECF No. 1-1.) A plaintiff may have a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Thus, to obtain relief under § 1983, a plaintiff must establish: (1) that one of his rights secured by the Constitution or laws of the United States was violated; and (2) that this violation was caused or committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Graham v. Connor*, 490 U.S. 386, 393-94 (1989); *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000). In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

#### A. Failure to Comply with Rule 8

With the foregoing principles in mind, the Court finds that the Complaint fails to comply with Fed. R. Civ. P. 8. Since a complaint must, at a minimum, contain a prayer for relief, it follows that this Complaint, which does not state the relief sought by Plaintiff, fails as a matter of law. As the Complaint does not provide Defendants fair notice of the relief sought, the Court will dismiss without prejudice Plaintiff's Complaint for failure to comply with Fed. R. Civ. P. 8.

#### B. Failure to State a Claim

### 1. *Supervisory Liability Claim*

In the Complaint, Plaintiff alleges that he was told by his housing officer and Sergeant Castro that Defendant Aviles knew how to implement the state mandated Covid-19 policies. (ECF No. 1-1 at 1-2.)

A plaintiff may establish supervisory liability under § 1983 by showing: (1) liability based on an establishment of policies, practices, or customs that directly caused the constitutional violation; or (2) personal liability based on the supervisor participating in the violation of the plaintiff's rights, directing others to violate the plaintiff's rights, or having knowledge of and acquiescing to a subordinate's conduct. *Doe v. New Jersey Dep't of Corr.*, No. 14-5284, 2015 WL 3448233, at *9 (D.N.J. May 29, 2015). "Allegations of participation or actual knowledge and acquiescence . . . must be made with appropriate particularity." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1987). "Only those defendants whose inactions or actions personally caused [Plaintiff's] injury may be held liable under § 1983." *Shaw by Strain v. Strackhouse*, 920 F.2d 1135, 1147 (3d Cir. 1990). In other words, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." *Rode*, 845 F.2d at 1207.

"[T]o hold a supervisor liable . . . [for their deficient policy or practice] . . . the plaintiff must identify a specific policy or practice that the supervisor failed to employ and show that: (1) the existing policy or practice created an unreasonable risk of [a constitutional] injury; (2) the supervisor was aware that the unreasonable risk was created; (3) the supervisor was indifferent to that risk; and (4) the injury resulted from the policy or practice." *Beers-Capitol v. Whetzel*, 256 F.3d 120, 133–34 (3d Cir. 2001) (citing *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989)).

The Third Circuit addressed COVID-19 in the prison setting in *Hope v. Warden York County Prison*, 972 F.3d 310 (3d Cir. 2020), explaining that when evaluating a detention facility's

protocols, courts "must acknowledge that practical considerations of detention justify limitations on many privileges and rights," and "ordinarily defer" to the expertise of prison officials in responding to COVID unless there is "substantial evidence in the record that the officials have exaggerated their response" to the situation. *Id.*

In the Complaint, Plaintiff does not identify a specific policy or policies that Defendant Aviles failed to employ. Rather, Plaintiff alleges only that he was told Defendant Aviles knew how to manage the Covid-19 mandates. Plaintiff's Complaint does not address what policies or protocols were in place to prevent the spread of the COVID-19 virus and how these policies were deficient. Plaintiff does not address whether Defendant Aviles was aware that HCCC's Covid-19 policies created an unreasonable risk of a constitutional injury, nor does it address that Defendant Aviles was indifferent to said risk. Thus, Plaintiff fails to state a viable cause of action under Section 1983 for supervisory liability against Defendant Aviles. Accordingly, Plaintiff's claims against Defendant Aviles are dismissed without prejudice.

2. *Personal Involvement*

The Complaint names Wint as a defendant. (ECF No. 1 at 1.) However, Defendant Wint is not named in the body of the Complaint. Plaintiff fails to include any allegations against Defendant Wint. (*See generally* ECF Nos. 1 and 1-1.)

For liability under § 1983 to attach, a defendant must have personal involvement in a constitutional violation. *See Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.). Plaintiff has failed to allege personal involvement by Defendant Wint. Thus, any claim against Defendant Wint is dismissed without prejudice as a matter of law for lack of personal involvement. *See Iqbal*, 556 U.S. at 676.

## IV.  CONCLUSION

For the reasons set forth above, the Court will dismiss Plaintiff's Complaint without prejudice. The Court shall give Plaintiff thirty (30) days to file an amended complaint to cure the deficiencies discussed above. An appropriate Order follows.

**Dated**: June 28, 2023

/s/ Julien Xavier Neals
**JULIEN XAVIER NEALS**
**United States District Judge**
